Fill in this information to identify your case:

| Debtor 1 | **David  Wyman, III** |
|---|---|
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF ILLINOIS** |
| Case number: | |
| (If known) | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

## Official Form 113
## Chapter 13 Plan                                                                                           12/17

---

### Part 1:   Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |

### Part 2:   Plan Payments and Length of Plan

**2.1** **Debtor(s) will make regular payments to the trustee as follows:**

**$500.00** per **Month** for **60** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2** **Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☑ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the plan term.

Debtor   **David Wyman, III**                                              Case number

- [ ] Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

- [x] Debtor(s) will treat income refunds as follows:
  **On or before April 20th of the year following the filing of the case and each year thereafter, the Debtor shall submit a copy of the prior year's filed federal tax return to the Chapter 13 Trustee. The Debtor shall tender the amount of any tax refund received while the case is pending in excess of $1,200.00 to the Trustee. The tax refunds shall be treated as additional payments into the plan and must be submitted within 7 (seven) days of receipt of each such refunds by the Debtor.**

**2.4   Additional payments.**
   *Check one.*
   - [x] **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5   The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $30,000.00.**

| Part 3: | **Treatment of Secured Claims** |

**3.1   Maintenance of payments and cure of default, if any.**

   *Check one.*
   - [x] **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2   Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

   - [x] **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3   Secured claims excluded from 11 U.S.C. § 506.**

   *Check one.*
   - [ ] **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
   - [x] The claims listed below were either:

   (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

   (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

   These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| **Name of Creditor** | **Collateral** | **Amount of claim** | **Interest rate** | **Monthly plan payment** | **Estimated total payments by trustee** |
|---|---|---|---|---|---|
| **Ally Financial** | **2014 GMC Sierra** | **$32,942.00** | **0.00%** | **$560.00** <br> Disbursed by: <br> ☐ Trustee <br> ☑ Debtor(s) | **$0.00** |

*Insert additional claims as needed.*

**3.4   Lien avoidance.**

*Check one.*
   - [x] **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5   Surrender of collateral.**

   *Check one.*
   - [ ] **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

| Debtor | **David Wyman, III** | Case number | |

☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| **Consumers Credit Union** | **2016 Kawasaki 1700** |
| | **509 N. 2nd Street Ishpeming, MI 49849  Marquette County** |
| | **On Mortgage & Note** |
| | **Transferred to former spouse pursuant to divorce decree** |
| **Midwest Loan Services** | **Debtor no longer makes monthly mortgage payments** |

*Insert additional claims as needed.*

### Part 4: Treatment of Fees and Priority Claims

**4.1  General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2  Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **3.80**% of plan payments; and during the plan term, they are estimated to total $**1,140.00**.

**4.3  Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**2,350.00**.

**4.4  Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☐ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☑ The debtor(s) estimate the total amount of other priority claims to be **$16,050.00**

**4.5  Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1  Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $         .
☑ **8.00** % of the total amount of these claims, an estimated payment of $   **10,460.00**   .
☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $   **0.00**   . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3  Other separately classified nonpriority unsecured claims.** *Check one*.

Debtor **David Wyman, III**     Case number

☑ None. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Part 6: | **Executory Contracts and Unexpired Leases** |

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☑ None. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

| Part 7: | **Vesting of Property of the Estate** |

**7.1** Property of the estate will vest in the debtor(s) upon
*Check the appliable box:*
☐ plan confirmation.
☑ entry of discharge.
☐ other: _____

| Part 8: | **Nonstandard Plan Provisions** |

**8.1** Check "None" or List Nonstandard Plan Provisions
☑ None. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

| Part 9: | **Signature(s):** |

**9.1** **Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X **/s/ David Wyman, III**      X _____
**David Wyman, III**      Signature of Debtor 2
Signature of Debtor 1

Executed on **June 18, 2021**      Executed on _____

X **/s/ Charles L. Magerski**      Date **June 18, 2021**
**Charles L. Magerski 6297092**
Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

| Debtor | **David Wyman, III** | Case number | |
|---|---|---|---|

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | **$0.00** |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | **$0.00** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | **$0.00** |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | **$0.00** |
| e. | **Fees and priority claims** *(Part 4 total)* | **$19,540.00** |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | **$10,460.00** |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | **$0.00** |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | **$0.00** |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | **$0.00** |
| j. | **Nonstandard payments** *(Part 8, total)*                                        + | **$0.00** |
| | **Total of lines a through j** | **$30,000.00** |

United States Bankruptcy Court

Northern District of Illinois

| | |
|---|---|
| In re: | Case No. 21-07580-DRC |
| David Wyman, III | Chapter 13 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0752-1 | User: admin | Page 1 of 2 |
| Date Rcvd: Jun 21, 2021 | Form ID: pdf001 | Total Noticed: 20 |

The following symbols are used throughout this certificate:
**Symbol     Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 23, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | David Wyman, III, 17926 Ridgewood Ave., Lansing, IL 60438-2252 |
| 29404185 | + | Consumers Credit Union, Attn: Bankruptcy, 1075 Tri-State Parkway, #850, Gurnee, IL 60031-9182 |
| 29404188 | + | Dyck Oneal, 15301 Spectrum, Addison, TX 75001-6436 |
| 29404189 | | Gary D. Popovits, 600 East Front Street, Suite 102, PO Box 5817, Traverse City, MI 49696-5817 |
| 29404191 | + | Joanne Wyman, 509 N. 2nd Street, Ishpeming, MI 49849-1550 |
| 29404192 | + | Kevin W. Mortell, 1821 Walden Office Square, Suite 400, Schaumburg, IL 60173-4273 |
| 29404195 | + | Midwest Loan Services, 400 Quincy Street, 6th Floor, Hancock, MI 49930-1839 |
| 29404196 | + | Numinen, DeForge & Toutant, PC, 105 Meeske Ave, Marquette, MI 49855-3101 |
| 29404199 | + | Trunorth Fcu, 1419 N 2nd St, Ishpeming, MI 49849-1149 |
| 29404193 | + | mBank, 130 S. Cedar Street, Manistique, MI 49854-1438 |

TOTAL: 10

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 29404181 | + | Email/Text: ally@ebn.phinsolutions.com | Jun 21 2021 22:42:00 | Ally Financial, Attn: Bankruptcy, Po Box 380901, Bloomington, MN 55438-0901 |
| 29404182 | + | Email/PDF: AIS.cocard.ebn@americaninfosource.com | Jun 22 2021 11:47:23 | Capital One, Attn: Bankruptcy, Po Box 30285, Salt Lake City, UT 84130-0285 |
| 29404184 | + | Email/PDF: Citi.BNC.Correspondence@citi.com | Jun 21 2021 23:26:24 | Citi/Sears, Citibank/Centralized Bankruptcy, Po Box 790034, St Louis, MO 63179-0034 |
| 29404186 | + | Email/Text: bankruptcy_notifications@ccsusa.com | Jun 21 2021 22:44:00 | Credit Collection Services, Attn: Bankruptcy, 725 Canton St, Norwood, MA 02062-2679 |
| 29404187 | + | Email/Text: mrdiscen@discover.com | Jun 21 2021 22:42:00 | Discover Financial, Attn: Bankruptcy, Po Box 3025, New Albany, OH 43054-3025 |
| 29404190 | + | Email/Text: sbse.cio.bnc.mail@irs.gov | Jun 21 2021 22:43:00 | Internal Revenue Service, PO Box 7346, Philadelphia, PA 19101-7346 |
| 29404183 | | Email/PDF: ais.chase.ebn@americaninfosource.com | Jun 21 2021 23:26:18 | Chase Card Services, Attn: Bankruptcy, Po Box 15298, Wilmington, DE 19850 |
| 29404194 | + | Email/Text: bankruptcydpt@mcmcg.com | Jun 21 2021 22:43:00 | Midland Funding, LLC, Attn: Bankruptcy, Po Box 939069, San Diego, CA 92193-9069 |
| 29404197 | + | Email/PDF: resurgentbknotifications@resurgent.com | Jun 22 2021 11:58:23 | Resurgent Capital Services, Attn: Bankruptcy, Po Box 10497, Greenville, SC 29603-0497 |
| 29404198 | + | Email/PDF: gecsedi@recoverycorp.com | Jun 21 2021 23:25:43 | Synchrony Bank, 170 West Election Road, Suite 125, Draper, UT 84020-6425 |

TOTAL: 10

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

District/off: 0752-1 | User: admin | Page 2 of 2
Date Rcvd: Jun 21, 2021 | Form ID: pdf001 | Total Noticed: 20

NONE

## NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 23, 2021 | Signature: /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 18, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Charles L. Magerski | on behalf of Debtor 1 David Wyman III cmagerski@aol.com, charles@clmlawgroup.com;magerskicr85454@notify.bestcase.com |
| Patrick S Layng | USTPRegion11.ES.ECF@usdoj.gov |

TOTAL: 2